IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DANIEL GODINEZ | § | |
| | § | |
| | § | |
| v. | § | Civil Action No. 5:17-cv-00324 |
| | § | |
| | § | |
| LEWIS RESOURCE MANAGEMENT, LLC. | § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Now Comes DANIEL GODINEZ, hereinafter referred to as "Plaintiff," complaining of LEWIS RESOURCE MANAGEMENT, LLC. hereinafter referred to as "Defendant." For cause of action, Plaintiff would respectfully show unto the Court the following:

**I.
PARTIES AND SERVICE**

1. Plaintiff is a resident of the United States and the State of Texas and resides in San Antonio, Texas.

2. Defendant LEWIS RESOURCE MANAGEMENT, LLC. is a Texas Limited Liability Company doing business within the Western District of Texas, San Antonio Division. Defendant may be served with service of process by the clerk of the court by serving its registered agent for service of process by certified mail return receipt requested: Lewis Petro Properties, Inc. 10101 Reunion Place, Ste 1000 Stan Antonio, TX 78216. A request for waiver has been sent to the agent and attorney for Defendant.

**II.
VENUE AND JURISDICTION**

3. This court has jurisdiction as the claims arise under a federal statute, the Fair Labor Standards Act and venue is proper in this District as the claims asserted in this claim arise in this District.

### III.
### MISNOMER/MISIDENTIFICATION

4. In the event any parties are misnamed or are not included herein, it is Plaintiffs' contention that such was a "misidentification," "misnomer" and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

### IV.
### RESPONDEAT SUPERIOR

5. Employees involved in this cause of action were, at all times described herein, employees and vice-principals of Defendant and were at all times acting in the course and scope of that employment. Accordingly, Defendant is liable for such conduct under the doctrine of *Respondeat Superior*.

### V.
### FACTUAL BACKGROUND

6. Plaintiff is a former employee of Defendant(s). Plaintiff was required to work in excess of 40 hours per week but was not paid overtime as required by law. The Defendants' failure to pay overtime pay violated the Fair Labor Standards Act (FLSA). Therefore, Plaintiff is entitled to recover pay for each hour worked in excess of 40 hours during any one work week at the rate of one and one half times his hourly rate. Further, Plaintiff would show that the FLSA violations were willful. Therefore, Plaintiff is entitled to three years of accrued, unpaid overtime pay. Plaintiff is also entitled to liquidated damages in an amount

equal to the overtime benefits due because of the willful nature of the Defendants' failure to take reasonable steps to comply with the FLSA. Plaintiff is also entitled to attorneys' fees.

7. Plaintiff's job title was "supervisor" and he was paid on salary basis and not properly paid overtime. Despite this title, he was mis-classified as exempt and did not fall under any of the exceptions to the FLSA. He was a non-exempt employee under the statute.

8. This mis-classification led to Plaintiff not being paid correctly. Plaintiff regularly worked an average of 35 hours of overtime per week, yet he was not paid overtime as required by the FLSA.

9. As an example, his final paycheck was for $4,710.00 for the two week period from July 6 to July 19. Therefore, his average hourly wage for a 40 hour work week is $58.88. His overtime rate was $88.32 per hour. At 75 hours per week, he should have been paid $5,446.40 per week. Therefore, the two week check should have been for $10,892.80. Therefore, Plaintiff lost $6,182.80 due to Defendant improperly classifying him as exempt.

10. Under the FLSA, he is also entitled to liquidated damages and mandatory attorneys' fees under the statute.

## VI.

## CAUSES OF ACTION

**Failure to Pay Wages in Accordance with the Fair Labor Standards Act**

11. The FLSA was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the

employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." Walling v. Helmerich & Payne, 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)).

12. Defendants' failure to pay overtime and/or forcing Plaintiff to work any off the clock hours violated the Fair Labor Standards Act of 1938 as currently amended and codified at 29 U.S.C. §201 *et seq*. (FLSA). Therefore, Plaintiff is entitled to recover regular and/or overtime pay for each hour worked off the clock and/or in excess of 40 hours during any one work week at the rate of one and one half times their hourly rate.

13. Plaintiff would show that the FLSA violations were willful and as such Plaintiff is entitled to accrued, unpaid overtime pay. Plaintiff is further entitled to liquidated damages in an amount equal to the overtime benefits due because of the willful nature of the Defendants' failure to take reasonable steps to comply with the FLSA. Plaintiff is also entitled to recover mandatory attorneys' fees under the statute.

## Retaliation Under the FLSA

14. The Fair Labor Standards Act ("FLSA") prohibits retaliation against employees who take action to oppose violations of the FLSA. 29 U.S.C. 215(a)(3). Even internal complaints to management within the corporate employer can be protected activities. Hagan v. Echostar Satellite, L.L.C., 529 F.3d 617, 625-626 (5th Cir. 2008).

15. "Any employer who violates the provisions of section 215(a)(3) of this title shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of this title, including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages." 29 U.S.C. 216(b).

16. Plaintiff was terminated after complaining about the unpaid hours and overtime, which constitutes retaliation. Plaintiff asserts said claims in accordance with the anti-retaliation provisions of 29 U.S.C. 215(a)(3) and requests recoverable damages.

## VII.

## COVERAGE

17. At all material times, Defendant has acted directly or indirectly in the interest of an employer or joint employer with respect to Plaintiff.

18. At all times hereinafter mentioned, Defendant has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

19. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

20. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprises have had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

21. At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

# VIII.
# ATTORNEY'S FEES

22. It was necessary for Plaintiff to retain the services of the undersigned attorney to prosecute this action. Plaintiff is entitled to recover the reasonable and necessary attorneys fees, expert fees and court costs to prosecute this action.

# IX

# CONCLUSION

23. WHEREFORE, PREMISES CONSIDERED, Plaintiff, prays that the Defendant be cited to appear and answer herein and that upon a final hearing hereof, a judgment be rendered against the Defendant, for the actual damages, liquidated damages, attorneys' fees and other recoverable damages for retaliation as set out above in an amount the court deems reasonable under the circumstances, along with costs of court, pre-judgment interest, post-judgment interest, and for such other and further relief to which Plaintiff may show himself justly entitled.

Respectfully Submitted,

 /s/ *Alan Braun*
**Adam Poncio**
**State Bar No. 16109800**
**aponcio@ponciolaw.com**
**Thomas N. Cammack III**
**State Bar No. 24073762**
**tcammack@ponciolaw.com**
**Alan Braun**
**State Bar No. 24054488**
**abraun@ponciolaw.com**

**PONCIO LAW OFFICES**
**A Professional Corporation**
5410 Fredericksburg Road, Suite 109
San Antonio, Texas 78229-3550
Telephone:   (210) 212-7979
Facsimile:    (210) 212-5880

 **ATTORNEYS FOR PLAINTIFF**